## VAN VALKENBURGH v. GRAY.

Husband and Wife—Dower—Homesteads—Conspiracy—Evidence Insufficient.

> Wife's suit to establish dower and homestead rights in land conveyed by him nearly six months before he met her and nearly nine months before their marriage, on the theory that a conspiracy to defraud her of her rights existed, and that grantee held in trust for the husband, was properly dismissed, where the evidence was insufficient to establish the allegations of the bill.

Appeal from Wayne; Merriam (De Witt H.), J. Submitted October 17, 1928. (Docket No. 11, Calendar No. 33,637.) Decided December 4, 1928.

Bill by Belle Van Valkenburgh against Douglas M. Gray and another to establish dower and homestead rights in land conveyed by her husband before their marriage. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Atkinson, O'Brien & Clark* (*Frank J. Ortman,* of counsel), for plaintiff.

*Seth J. Wicker,* for defendant Gray.

CLARK, J. Marie Van Valkenburgh died intestate March 4, 1921, owning in fee a parcel of land in Detroit. By virtue of the statutes of descent her surviving husband, defendant John F. Van Valkenburgh, became the owner of an undivided half of the land and her brothers and sisters the other half. It is unnecessary to refer to probate proceedings. On June 6, 1921, defendant Van Valkenburgh conveyed his interest in the property by deed to defendant Douglas M. Gray. Near December 1, 1921, plaintiff Belle Van Valkenburgh met, for the first time, defendant Van Valkenburgh and they were married March 1, 1922. Some time later defendant Gray acquired by deed from said heirs the remaining one-half interest in the property. Defendant Van Valkenburgh left his wife, the plaintiff. She filed this bill alleging in substance a conspiracy between the defendants to defeat her dower and homestead interests in the property, that the deed by Van Valkenburgh to Gray was in fact made after her marriage, and that Gray held, under the deed from said heirs, in trust for Van Valkenburgh and she prayed decree

granting to her dower and homestead rights in the property. The bill was dismissed. Plaintiff has appealed.

Plaintiff failed to procure certain testimony which, it is said, would have established material allegations of her bill, and as a result the allegations have little support in fact. This is especially true with respect to the claimed conspiracy and to the claim that Gray is a trustee, and this is also true of the allegations relative to Van Valkenburgh's deed to Gray which was made nearly six months before plaintiff met Van Valkenburgh and nearly nine months before the marriage. Of a like situation it was said in *Griffin v. Griffin*, 225 Mich. 253:

"There is no evidence that any marriage engagement was pending when the deed was executed, or that the parties contemplated a marriage at that time. The record furnishes no reason for the belief that the ownership of this property by the defendant influenced the engagement and marriage which took place more than five months later. This is not a case where a conveyance is made secretly on the eve of a marriage or while an engagement is pending. She had at that time no rights or prospective rights in the property, and as to her the defendant might convey it as he pleased, either as a gift or for a consideration."

Plaintiff may have been defrauded but she has failed to prove it.

Decree affirmed. No costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.